UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

RONALD RAMDIAL,

    Plaintiff,

v.

DEAN DAIRY HOLDING, LLC d/b/a
McArthur Dairy and MCARTHUR
NEXT, LLC,

    Defendant,
_____/

## COMPLAINT

The Plaintiff RONALD RAMDIAL ("Plaintiff") sues Defendants DEAN DAIRY HOLDING, LLC d/b/a McArthur Dairy and MCARTHUR NEXT, LLC (collectively the "Defendants") and alleges:

### INTRODUCTION

1.    This is an action by Plaintiff RONALD RAMDIAL, under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendants DEAN DAIRY HOLDING, LLC d/b/a McArthur Dairy and MCARTHUR NEXT, LLC's discriminatory treatment on the basis of his age.

### JURISDICTION AND VENUE

2.    This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

1

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

4. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County Florida.

## PARTIES

5. Plaintiff RONALD RAMDIAL is a resident of Broward County, who was employed by Defendants DEAN DAIRY HOLDING, LLC d/b/a McArthur Dairy and MCARTHUR NEXT, LLC. At the time of his employment with Defendants, Plaintiff was a 72-year-old man, as such he is a member of a certain protected class of persons.

6. Defendant DEAN DAIRY HOLDING, LLC d/b/a McArthur Dairy, is a for profit corporation headquartered in the State of Texas, and at the time of Plaintiff's employment was authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court

7. Defendant MCARTHUR NEXT, LLC ("KENNESAW" or "Defendant"), is a for profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court.

## PROCEDURAL REQUIREMENTS

8. All conditions precedent to this action have been fulfilled. Plaintiff dual-filed three Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have

passed since the filing of the complaints. On or about February 22, 2022, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* **composite Exhibit "A."**

STATEMENT OF FACTS

9. Plaintiff began his employment with Defendants in 1984, as a maintenance operator and held that position until his unlawful termination on, or about, April 30, 2020.

10. Throughout his employment with the Defendants, Plaintiff performed his duties in a satisfactory fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed his duties without significant issue or controversy.

11. For the majority of his, over 36-year employment with the Defendants, Plaintiff was treated as a valued member of the team and faced no discipline on the job.

12. However, that changed towards the end of his employment when he was treated differently from other similarly situated employees because of his age.

13. For example, on or about February 24, 2020, Plaintiff was shown a jug that had been produced with a pinhole by a co-worker. Based on his extensive experience and company policy, Plaintiff shutdown the machine to avoid contamination of the production run.

14. The supervisor on duty, Luis Benavides, approached Plaintiff yelling and demanding to know why he shut the machine off. He then stated "Ron, why don't you retire . . . You are old enough and burning the candle at both ends."

15. On, or about, February 25, 2020, after he had finished his shift and was

leaving work, Plaintiff was called into the plant managers office by production manager, Kent Shinaberry.

16. When he walked in Plaintiff was greeted by plant manager, Juan Diaz, and falsely accused of violating a company procedure. Plaintiff notified Mr. Diaz that he did not do what was accused of and knew that the "management team and supervisors are out to get [him]."

17. On, or about March 3, 2020, Plaintiff stopped a machine that was not running properly so he could fix it, and his supervisor, Jesus Mendez approached him and asked why he stopped the machine.

18. Mr. Mendez cursed Plaintiff out and told him that "[Plaintiff is] just an asshole, [Plaintiff] should retire, [Plaintiff is] old enough and I also have other supervisors and maintenance personnel to watch you."

19. Then again on March 6, 2020, and March 12, 2020, Mr. Mendez again told Plaintiff that he should retire after another issue with the machines and Plaintiff responded on March 6th, "why don't you leave me and my age alone?"

20. On March 18, 2020, Plaintiff approached Mr. Mendez about a maintenance request, and Mr. Mendez began yelling that "everything was running before," told Plaintiff to "get out of [his] office," called Plaintiff an "old bitch," and threw a chair at Plaintiff

21. Plaintiff reported Mr. Mendez to human resources several times, but nothing was done at all.

22. On April 30, 2020, Plaintiff was terminated and replaced by a much younger maintenance operator in his thirties.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

23.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24.     Defendants employed Plaintiff as maintenance operator from 1984 to his termination on, or about, April 30, 2020.

25.     As described in paragraphs 9 – 22, above Plaintiff was discriminated against and ultimately terminated because of his age.

26.     Younger, similarly situated, maintenance operators were not subjected to the same discriminatory treatment.

27.     At all times material hereto, the Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq*., as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

28.     The discrimination of Plaintiff by Defendants was caused by Defendants being aware of Plaintiff's Age.

29.     At all relevant times, including the time of discrimination, Defendants were aware that Plaintiff was 72 years old.

30. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendants. The Plaintiff was qualified for the position apart from his apparent Age.

31. The Defendants are sophisticated employers who have actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

32. The failure of Defendants to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

33. Defendants, through their practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

34. Plaintiff's harassment by Defendants and Plaintiff's termination from employment was directly and proximately caused by the Defendants' unjustified discrimination against Plaintiff because he was 72 years old, in violation of the Act.

35. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendants is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age.

36. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination on the basis of Age constitutes unlawful discrimination.

37. As a direct and proximate result of the Defendants' intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff RONALD RAMDIAL respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendants for their violation of the ADEA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff Liquidated damages;

e) Award Plaintiff prejudgment interest on her damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON AGE

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 and above as if set out in full herein.

39. At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

40. Defendants' decision to discriminate against Plaintiff was because of his age.

41. Alternatively, Plaintiff's age was a motivating factor that caused Defendants to discriminate against Plaintiff.

42. At all relevant times aforementioned, including the time of discrimination, Defendants were aware that Plaintiff was 72 years old

43. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendants.

44. The Plaintiff was qualified for the position apart from his age.

45. As described in paragraphs 9 – 22, above Plaintiff was discriminated against and ultimately terminated because of his age.

46. Younger, similarly situated, maintenance operators were not subjected to the same discriminatory treatment.

47. The Defendants are sophisticated employers who have actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

48. The failure of Defendants to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

49. Defendants through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's state protected rights, discriminated against Plaintiff because of his age in violation of the Act with respect to the decision to treat Plaintiff different from other employees.

50. Plaintiff was wrongfully terminated by the Defendants and Plaintiff's termination from employment was directly and proximately caused by the Defendants' unjustified discrimination against Plaintiff because of Plaintiff's age.

51. As a direct and proximate result of the Defendants' intentional conduct,

Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

52. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendants is a mere pretext for the actual reasons for the termination from employment, Plaintiff's age.

53. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their age. Discrimination on the basis of sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RONALD RAMDIAL respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendants for their violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 23, 2022.

                                  Respectfully submitted,

                                  By: _s/ Brandon J. Gibson_
                                  Brandon J. Gibson, Esq.
                                  Fla. Bar No.: 0099411
                                  bgibson@rtrlaw.com
                                  Reifkind, Thompson, & Rudzinzki, LLP
                                  3333 W. Commercial Blvd., Ste. 200
                                  Ft. Lauderdale, Florida 33309
                                  Telephone: (954) 370-5152
                                  Facsimile: (954)370-1992